STUART, Respondent, vs. COLLINS, Appellant.

*February 5—March 4, 1930.*

For the appellant there was a brief by *George B. Heaney* of Berlin, attorney, and *T. L. Doyle* of Fond du Lac, of counsel, and oral argument by *Mr. Doyle.*

*Harry V. Meissner* of Milwaukee, for the respondent.

CROWNHART, J.   The jury found the defendant guilty of negligence in not yielding the right of way and in not keeping a proper lookout, and that plaintiff's damages were the natural result of such acts of negligence.   There is sufficient evidence to support this finding of the jury.

The jury further found by their verdict that the plaintiff was guilty of negligence in failing to keep a proper lookout, and that he ought reasonably to have foreseen, under the circumstances, that he might probably produce injury to some one.

This finding of the jury is equally well supported.   It is conceded that the highway was straight and the view unobstructed for 250 feet east of the place of collision.   The day was bright and clear.   Plaintiff testified that he did not see the defendant until just a flash before the collision.   It

clearly appears that had he kept a proper lookout he could have seen the defendant all the time she traveled the twenty-six feet from the fence at the side of the highway till she entered the traveled portion of the highway.

That he should have reasonably foreseen danger of a collision in failing to keep a lookout is equally apparent. He was familiar with the situation along this highway, and knew that along the south side there were several driveways leading into it from which vehicles might emerge at such a time. Plaintiff was going thirty to thirty-five miles an hour. He should have kept a careful lookout for autos coming out of such driveways.

However, plaintiff claims freedom from contributory negligence defeating his recovery, on the ground that the jury found "the defendant's damages and injuries" were not "a natural result of the negligence of R. C. Stuart."

It would seem that the jury may have been confused by the form of the question. The question should have been, "Was the collision the natural result of plaintiff's failure to keep a proper lookout?" Instead, the inquiry was directed to defendant's damages and injuries, and the jury may well have thought the inquiry directed to plaintiff's liability for such damages and injuries. Whatever the reason actuating the jury in finding the failure of the plaintiff to keep a proper lookout did not contribute to produce the collision, if the verdict be so construed, it is contrary to the plain facts and is inconsistent with the findings by the jury of negligence of the plaintiff in failing to keep a proper lookout. The collision was caused by the combined negligence of the plaintiff and defendant, and neither can recover against the other by reason of such contributory negligence.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint and defendant's counterclaim.